## Commonwealth v. Blanchard

*Jacques H. Fox*, District Attorney, for Commonwealth.

*William H. Turner*, for defendant.

DIGGINS, J., May 9, 1960.—The stipulated facts on the record in this case are to the effect that defendant was arrested on January 28, 1960, charged with racing on the highway, and specifically charged with vio-

lating section 1041 of The Vehicle Code of April 29, 1959, P. L. 58, as amended January 8, 1960, P. L. (1959) 2118.

On March 10, 1960, defendant waived indictment by the grand jury and entered a plea of "not guilty" and waived trial by jury and filed election to be tried by judge without a jury. The facts are found in the stipulation, supra.

Defendant demurs to the evidence and argues that the Statutory Construction Act in effect at the time the drag racing amendment was signed by the Governor establishes the effective date of the amended act as September 1, 1960, and that the amendment was therefore not in effect at the time the offense was committed on January 28, 1960. Counsel for defendant reaches this conclusion by contending that the Statutory Construction Act requires all acts passed before September 1st be effective on September 1st, unless otherwise specified, and contends that an act finally enacted January 8, 1960, cannot become effective until September 1st of that year. However, the act itself being Act 786, is denominated as House Bill 63, Sessions of 1959, printers no. 2126.

Section 504 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §501 et seq., as supplemented and amended, reads as follows:

Section 504. Effective date and time of laws

"All laws hereafter enacted finally at a regular session of the Legislature, except laws making appropriations, and except laws affecting the budget of any political subdivision, shall be in full force and effect from and after the first day of September next following their final enactment, unless a different date is specified in the law itself, *or if enacted finally after the first day of September of the year of the regular session,* or after the date specified in the law, the same

shall become effective immediately upon final enact-
ment." (Italics supplied)

It would seem apparent that under this section of
the Statutory Construction Act, the first day of Sep-
tember of the year of the regular session can only
occur once, and since this law was passed after the
first day of September of the year of the regular
session (1959), it becomes effective immediately upon
final enactment.

One of the questions which was the basis of much
discussion in this case was whether or not a regular
sessions of a particular year is contemporaneous with
the calendar year in which it begins. We are of the
opinion that it is not. A regular session may end at the
end of 1959 and extend into the year 1960 and con-
tinue until the newly provided and regular session of
1960 convenes, which is an additional reason why
under the Statutory Construction Act, supra, the effec-
tive date of the act here involved is the date of final
enactment because it was finally enacted after the
first day of September of the year of the regular
session.

We are not unmindful of the fact that the Statutory
Construction Act itself, 46 PS §533, provides that
words and phrases shall be construed according to
rules of grammar and according to common and ap-
proved usage, but technical words and phrases and
such others as have acquired a peculiar and appro-
priate meaning, or are defined in this act, shall be
construed according to such peculiar and appropriate
meaning or definition; and that in the definition of
words in the Statutory Construction Act, 46 PS §601
(111), "year" is a calendar year, but we feel that
accepting this as true and relating it to the Statutory
Construction Act, section 504, and reading, "or if
enacted finally after the first day of September of the
year of the regular session," we find this act effective

374

on final enactment, because final enactment was had after the first day of September of the year of the regular session, and if we were to read into this section of the Statutory Construction Act the word "calendar", the meaning would not be changed because the first day of September of that year, or of the calendar year of the regular session, would have occurred, and therefore the act becomes effective on the date of final enactment.

Therefore we make the following

*Order*

And now, to wit, May 9, 1960, the demurrer to the evidence is dismissed and defendant is found guilty as charged and counsel is directed to present defendant for sentence on Friday, May 13, 1960, at 10 a.m.